IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                            CRIMINAL:12-700 (DRD)

CHRISTIAN SÁNCHEZ-RIVERA,

Defendant.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I.      Procedural Background**

On October 3, 2012, a grand jury returned a two-count indictment against Christian Sánchez-Rivera (hereinafter referred to as "defendant").  (Docket No. 11.)  The defendant has agreed to plead guilty to counts one and two of  the  indictment.  Count one charges that on or about September 18, 2012, in the District of Puerto Rico and elsewhere within the jurisdiction of this court, Christian Sánchez-Rivera, the defendant herein, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

Count two charges that on or about September 18, 2012, in the District of Puerto Rico, and elsewhere within the jurisdiction of this court, Christian Sánchez-Rivera the defendant herein, did knowingly posses firearms and ammunition, that is, a Glock Pistol Model 19, 9mm caliber, bearing serial number MEZ-693, loaded with a twenty-seven (27) round extended magazine, in furtherance of a drug trafficking crime, as charged in count one of this indictment, which may be prosecuted in a Court of the United States, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

**II.     Consent to Proceed Before a Magistrate Judge**

On December 12, 2012, while assisted by counsel, the defendant, by consent, appeared before the undersigned in order to change his previous not guilty plea  to a plea of guilty as to counts one and two of the  indictment.  In open court the defendant was questioned as to the purpose of the hearing

2

being held and was advised of:  (a) the nature and purpose of the hearing; (b) the fact that all inquiries

were to be conducted under oath and that it was expected that his answers would be truthful; (c) the

potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the

change of plea proceedings presided by a district judge instead of a magistrate judge.  The defendant

was also explained the differences between the appointment and functions of the two.  The defendant

consented to proceed before the undersigned magistrate judge.

**III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

###    A.    Rule 11(c)(1) Requirements

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'"  United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]:  1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.  United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

###    B. Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his

right:

1.    To remain silent at trial and be presumed innocent, since it is the government who has the

burden of proving his guilt beyond a reasonable doubt.

2.    To testify or not to testify at trial, and that no adverse inference could be made in relation

to his decision not to testify.

3.    To a speedy trial before a district judge and a jury, at which he would be entitled to see and

cross examine the government witnesses, present evidence on his behalf, and challenge the

government's evidence.

4.    To have a unanimous verdict rendered by a jury of twelve persons which would have to be

convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

3

5.    To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

**C. Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty.  Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

In response to further questioning, defendant was explained and he understood that if convicted on count one of the indictment he will face the following penalties: a term of imprisonment of not more than twenty (20) years, a fine not to exceed one million dollars ($1,000,000.00), and a term of supervised release of at least three (3) years.

As to count two, defendant was explained and he understood that if convicted he will face the following penalties: a minimum mandatory consecutive term of imprisonment of at least five (5) years up to life, a fine not to exceed two hundred fifty thousand dollars ($250,000.00), and a term of supervised release of not more than five (5) years.

The defendant was explained what the supervised release term means and was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone.  Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional

4

term of imprisonment.  He was also explained that parole has been abolished.  The defendant understood this.

### D.  Plea Agreement[1]

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record.  Defendant was clearly warned and recognized having understood that:

    1.    The plea agreement is not binding upon the sentencing court.

    2.    The plea agreement is an agreement between the defendant, defense counsel and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

    3.    The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

    4.    In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the maximum possible penalty prescribed by statute.

Defendant acknowledged having understood this explanation.

### E.  Government's Evidence (Basis in Fact)

The government presented a proffer of its evidence consistent with the version of facts of the plea agreement with which the defendant concurred. Accordingly, it is determined that there is a basis in fact and evidence to establish all the elements of the offense charged.

### F.  Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

---

[1]    "Plea agreement" refers to the agreement and its supplement.

5

**G.  Waiver of Appeal**

The defendant was explained, and he understood, that if the court accepts the plea agreement and sentences him according to its terms and conditions, he will be surrendering his right to appeal the sentence and judgment in this case.

**IV.     Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to counts one and two of the indictment.  After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carry, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.  Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to counts one and two of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B). Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.   Fed. R. Civ. P. 72(b).   Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

At San Juan, Puerto Rico, this 7th day of January, 2013.

                                                    s/Marcos E. López
                                                    U.S. Magistrate Judge